UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID and BETTY HEIDE,  No. 11-13740

Debtor(s).
_____/

Memorandum re Plan Interest Rate
_____

In this Chapter 12 case, the court has resolved all issues regarding the plan of debtors David and Betty Heide except the proper rate of interest to be paid to objecting secured creditor JP Morgan Chase Bank. The court proceeds to do so now.

The debtors' property is 208 acres at 2060 Pope Canyon Road it St. Helena, California. The property includes both the Heides' residence and 43 acres of vineyard. The court has valued the property at $2.67 million, which is somewhat less than Chase is owed. The plan calls for reducing the Chase claim to the value of the property and making interest-only payments annually for seven years, at which time the entire obligation is due. The proposed interest rate is 4.25%.

Both sides agree that since there is no equity in the property there is no readily ascertainable market rate of interest. Chase argues that the proper interest rate for a 20-year fully-amortized obligation is between 6.25% and 7.144% using formula approaches.

When there is no ascertainable market rate of interest, the court begins with the current prime

1

rate and adds on additional points for risk factors. *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).[1] The current prime rate is 3.25%. There are three primary risk facts associated with Chase's treatment under the Heides' plan. First, there is no equity cushion to absorb any decline in the value of the property securing the obligation. Second, there is a somewhat greater risk associated with agricultural loans in general. Third, the plan calls for one annual interest payment, so that Chase could go a whole year before learning that the Heides cannot make an interest payment.[2]

The court adjusts the prime rate up by 1.25% to compensate for the lack of an equity cushion and .85% due to the agricultural factor. The fact that only annual payments are provided for adds an additional .65%, though the Heides could reduce this risk factor to .25% if they amended their plan to provide for payments three times a year to coincide with their crop payments. Thus, the court finds that a proper rate of interest under the plan would therefore be 6% as currently proposed or 5.6% if amended to provide for interest payments three times a year.

If the Heides amend their plan within 15 days to be consistent with this memorandum, they may also submit a form of order confirming it. If they fail to do so, Chase's objection will be sustained and it may submit an form of order denying confirmation.

Dated: April 2, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The court finds this method more appropriate than the alternative argued by Chase, as the court can fix the value of the property with a fair degree of certainty without needing to engage in a complicated projection of future cash flows.

[2] The court finds that Chase's arguments regarding interest are generally sound, though the court is not required to reach the same conclusions. The risk factor of interest-only payments is essentially offset by the 7-year term of the plan as opposed to the 20-year fully-amortized loan discussed by Chase.

2